# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL ROSADO,**

    **Plaintiff,**

**v.**        Case No:   **6:16-cv-1060-Orl-41KRS**

**MELAO BAKERY LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION *WITH PREJUDICE* (Doc. No. 24)
>
> **FILED:** May 15, 2017

## I. BACKGROUND.

On June 17, 2016, Plaintiff Michael Rosado filed a complaint against Defendant Melao Bakery LLC. Doc. No. 1. In the complaint, Plaintiff asserted that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id.* Plaintiff also asserted claims for unpaid wages under Florida common law and for civil damages for fraudulent filing of information returns pursuant to 26 U.S.C. § 7434. *Id.* Plaintiff contended that he was entitled to unpaid overtime compensation, liquidated damages, and civil damages. *Id.*

On May 4, 2017, the parties filed a motion informing the Court that they had settled the claims asserted in this case and requesting that the Court approve their settlement in accordance

with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 22. I denied that motion without prejudice for two reasons. First, the parties had not provided the Court a copy of their settlement agreement, which prevented the Court from approving any settlement. Second, the parties' motion indicated that their settlement agreement included a general release, but they had not provided the Court with sufficient information to determine whether the general release precluded a finding that the settlement was fair and reasonable. Doc. No. 23.

On May 15, 2017, the parties filed a renewed motion for approval of their settlement agreement. Doc. No. 24. In the motion, the parties stipulate to an order approving their settlement. The matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III. ANALYSIS.**

    *A. Whether Plaintiffs Have Compromised Their Claims.*

Under the settlement agreement, Defendant will pay Plaintiff a total of $4,000.00, allocated as follows:

- $1,200.00 to Plaintiff for unpaid overtime wages;
- $1,200.00 for liquidated damages;
- $100.00 in consideration for execution of a general release;
- $1,500.00 to Plaintiff's attorneys for fees.

Doc. No. 24, at 14.

In his answers to the Court's FLSA Interrogatories, Plaintiff estimated that he was entitled to $5,543.00 in unpaid overtime wages, plus liquidated damages. Doc. No. 15, at 2. Because he will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

    *B. Whether the Amount of the Compromise Is Fair And Reasonable.*

Because Plaintiff has compromised his claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, including whether Plaintiff ever worked off the clock and, if so, how much time he worked off the clock. Doc. No. 24, at 4. These facts adequately explain the circumstances giving rise to the settlement agreement and the reasons for the compromise. Moreover, the parties were represented by counsel throughout settlement negotiations. Accordingly, I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claims, the Court must consider whether the payment to his attorneys is reasonable, to ensure that the fees and costs to be paid to his attorneys did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $1,500.00. Doc. No. 24, at 14. Counsel represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount paid to Plaintiff. Doc. No. 24, at 6. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

### D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012)

("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). In the release, Plaintiff releases

> Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"), of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement, including but not limited to, any claims arising out of or in any way connected with Plaintiff's employment with Defendant.

Doc. No. 24, at 11-12. Under the terms of the settlement agreement, Plaintiff is receiving $100.00 in consideration for execution of this general release. *Id.* at 14. In the motion for settlement approval, counsel represent that "Plaintiff is not aware of any claims against Defendant that he is giving up as a result of the general release." *Id.* at 7.

Some Judges have expressed concerns about including general releases in FLSA settlement agreements—even when they are supported by separate consideration—because of the difficulty of valuing unknown claims and the Court's resulting inability to evaluate the fairness of the settlement. *See, e.g.*, *Shearer v. Estep Constr., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015) (declining to make fairness finding in case alleging claims for unpaid overtime compensation under the FLSA and unjust enrichment under state common law where settlement agreement included mutual general releases).[2] Other Judges have approved general releases that are supported by separate consideration, particularly when the plaintiff has represented that he or she is not aware of any claims that are being forfeited as a result of the general release.

---

[2] I note that this case could present similar difficulties in evaluating the fairness of the settlement. Plaintiff's counsel has represented that Plaintiff is not aware of any claims against *Defendant* that he is forfeiting as a result of the general release, Doc. No. 24, at 7, but the general release included in the settlement agreement releases many parties other than Defendant. In particular, Plaintiff is releasing Defendant's *future* directors, officers, shareholders, members, employees, agents, insurers, and attorneys from all claims. *Id.* at 11-12. Their identities are, by definition, unknown.

- 5 -

*See, e.g.*, *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 U.S. Dist. LEXIS 45427, at *9-10 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted by* 2016 U.S. Dist. LEXIS 45428 (M.D. Fla. Apr. 4, 2016) (approving general release supported by $100.00 in separate consideration where plaintiff represented that he was not aware of any claims against defendant that were being forfeited as a result of the general release).[3] Accordingly, if the Court finds that the inclusion of the general release prevents the Court from making a fairness determination, I recommend that the Court deny the motion because the settlement agreement provides that the general release is not severable. Doc. No. 24, at 18. If, however, the Court finds that the parties have provided sufficient information for the Court to conduct a fairness review, then the Court may conclude that the general release supported by separate consideration does not undermine the fairness of the settlement.

> E. *Whether the Ability to Modify the Settlement Undermines its Fairness or Reasonableness.*

Next, I note that paragraph 15 of the settlement agreement states, "This Agreement may not be amended, modified, altered, or changed, *except by a written agreement which is both signed by*

---

[3] I note that the parties also cite to one other case that approved a general release supported by $100.00 in separate consideration—*Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 U.S. Dist. LEXIS 129042, at *8-11 (M.D. Fla. Aug. 22, 2013). That case involved a situation where the plaintiffs were not compromising their FLSA claims—that is, they were receiving all compensation arguably due under the FLSA *plus* $100.00 in separate consideration for execution of the general release. Such a situation is arguably distinguishable from the instant case because, when the plaintiff is not compromising an FLSA claim, courts are often not as concerned about the terms of the general release negatively impacting the fairness of the settlement of the FLSA claims. *Cf. Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) ("If judicial scrutiny confirms that the parties' settlement involves no compromise, the district court should approve the settlement and dismiss the case.") The parties also cite to the Report and Recommendation in *Roman v. FSC Clearwater, LLC*, No. 6:16-cv-969-Orl-41DCI, 2017 U.S. Dist. LEXIS 66536, at *6-7 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted by* 2017 U.S. Dist. LEXIS 65957 (M.D. Fla. May 1, 2017). In that case—as in *Middleton*—the plaintiff had not compromised his FLSA claim, and the $100.00 was being paid *in addition* to all amounts arguably due under the FLSA. In addition, when the presiding District Judge ruled on the report and recommendation, he expressly declined to express an opinion as to the validity of the general release. *Roman*, 2017 U.S. Dist. LEXIS 65957, at * 1 n. 1.

*all parties and which makes specific reference to this Agreement.*" Doc. No. 24, at 19 (emphasis added). Ordinarily, this might provide grounds to disapprove the settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.

In this case, however, the parties have also included in the settlement agreement a severability clause, which provides, "[S]hould any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect." *Id.* at 18. Accordingly, I recommend that the Court sever the amendment provision from the settlement agreement if it otherwise finds that the settlement is fair and reasonable.

> *F. Whether the Confidentiality and No-Rehire Provisions Undermine the Fairness or Reasonableness of the Settlement Agreement.*

Finally, I note that the settlement agreement includes a confidentiality provision whereby Plaintiff and his representatives are prohibited from disclosing any information "regarding: (i) the substance of this action; (ii) the facts surrounding this action or Plaintiff's claims or any facts or alleged unlawful or improper conduct by Defendant; (iii) the existence or substance of this Agreement; or (iv) any matters pertaining to this action." *Id.* at 17.[4] It also includes a no-rehire provision whereby Plaintiff agrees not to apply for further employment with Defendant or Releasees (as defined above) and whereby Plaintiff is subject to immediate termination if he does apply for

---

[4] The confidentiality provision also prohibits the parties from filing a copy of the settlement agreement with any court. Doc. No. 24, at 17. Given that the parties have now filed the agreement with this Court, they have presumably waived this provision.

employment and is hired by Defendant or Releasees in the future. *Id.* at 16. Plaintiff is not receiving separate consideration for these non-cash concessions, and the parties have not explained how they affect the fairness and reasonableness of the settlement. However, courts routinely reject confidentiality clauses in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine*, 2016 U.S. Dist. LEXIS 45427, at *10 (quoting *Pariente v. CLC Resorts & Devs., Inc.*¸ No. 6:14-cv-615-Orl-37TBS, 2014 U.S. Dist. LEXIS 160342, at *5 (M.D. Fla. Oct. 24, 2014)). For similar reasons, courts routinely strike no-rehire provisions. *See Sides v. Advanced Disposal Servs. Nat'l Accounts, Inc.*, No. 3:15-CV-153-J-32PDB, 2016 WL 1317667, at *3 n. 3 (M.D. Fla. Mar. 15, 2016) (citation omitted) (noting that many judges will strike no-reemployment provisions because their impact could be substantial and result in an unconscionable punishment for asserting FLSA rights). While no-rehire provisions are sometimes approved when the plaintiff receives separate consideration, here Plaintiff is not receiving separate consideration for this non-cash concession. Accordingly, if the Court otherwise finds the settlement to be fair and reasonable, I recommend that the Court strike the confidentiality and no-rehire provisions pursuant to the severability clause (discussed above).

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following if it finds that the inclusion of the general release does not undermine the fairness of the settlement:

1. **GRANT in part** the Renewed Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. No. 24) without reserving jurisdiction to enforce the settlement;

2. **SEVER** the no-rehire provision (Paragraph 5(f)), the confidentiality provision (Paragraph 9), and the written amendment provision (Paragraph 15) of the settlement agreement;

3. **FIND** that the parties' settlement agreement (Doc. No. 24, at 10-22), as modified, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4. **PROHIBIT** counsel from withholding any portion of the $2,500.00 payable to Plaintiff pursuant to a contingent fee agreement or otherwise;

5. **DISMISS** the case with prejudice; and

6. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the inclusion of the general release prevents the Court from finding the settlement to be fair and reasonable, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the Renewed Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. No. 24).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 17, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy